# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SHEILA N. ANDREWS,
    Plaintiff

v.

AK STEEL CORPORATION,
    Defendant

Case No. 1:12-cv-175
Spiegel, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

    Plaintiff Sheila N. Andrews brings this action pro se against defendant AK Steel Corporation (AK Steel) alleging discrimination in employment. Plaintiff alleges that she began to complain about harassment to her supervisor beginning in 2007, but nothing was ever done to resolve the harassment. This matter is before the Court on defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 5) and plaintiff's response in opposition to defendant's motion to dismiss. (Doc. 16).

## I. Standard of review

    When deciding a motion to dismiss for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). The Court must determine whether the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 566 U.S. 662, 678-79 (2009). "[T]he allegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally

construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although the district court is not permitted to consider matters beyond the complaint in resolving a motion to dismiss, *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008), the court may consider exhibits attached to the complaint as these form part of the complaint. *See* Fed. R. Civ. P. 10(c).

## II. Defendant's motion to dismiss should be granted.

Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that plaintiff failed to timely file this action within 90 days of receipt of notice of the right-to-sue from the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(f)(1). Defendant asserts that plaintiff filed a charge with the EEOC on February 1, 2010, alleging sex discrimination and retaliation; she received a notice of right-to-sue from the EEOC in April 2010; and she originally filed a lawsuit in this Court on July 20, 2010, claiming violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), based on the allegations asserted in the EEOC charge. *Andrews v. AK Steel Corp.*, No. 1:10-cv-476 (*Andrews I*). On January 10, 2011, plaintiff filed a motion to voluntarily dismiss her complaint in *Andrews I* without prejudice, and the Court granted the motion by Order dated March 2, 2011. (*Andrews I*, Docs. 15, 16). Plaintiff subsequently filed this lawsuit on March 1, 2012, asserting the same claims she raised against AK Steel in *Andrews I*. (*Andrews II*). Defendant contends that plaintiff's filing of the complaint in *Andrews I* did not toll the statutory 90-day filing period and plaintiff's present complaint is therefore time-barred.

2

An individual must file a Title VII claim in federal court within 90 days of receiving the EEOC's right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). *See also Tate v. United Services Assocs., Inc.*, 75 F. App'x 470, 471 (6th Cir. 2003). "The filing of a prior complaint does not toll the ninety-day period and the court cannot extend the time for filing." *Tate*, 75 F. App'x at 471 (citing *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987)). Thus, if the period of limitations has run by the time a complaint is dismissed without prejudice, a new action is generally untimely. *Wallace v. Wheeling-Pittsburgh Steel Corp.*, No. 2:08-cv-261, 2008 WL 4347358, at *3 (S. D. Ohio Sept. 19, 2008) (Frost, J.) (citing *Wilson*, 815 F.2d at 28). If a Title VII complaint was initially dismissed without prejudice and was not re-filed within the original 90-day period, the complaint is therefore time-barred. *Id.* (citing *Wilson*, 815 F.2d at 28).

The Court finds upon review of the record in *Andrews I* and *Andrews II* that defendant's motion to dismiss should be granted. There is no dispute as to whether plaintiff timely filed the complaint in *Andrews I*. However, the record shows that the 90-day statutory filing period expired prior to dismissal of the original action without prejudice. Plaintiff waited nearly a year after the dismissal and nearly two years after the EEOC issued the right-to-sue notice on April 21, 2010 to re-file her complaint. (*Andrews I*, Doc. 3, p. 5). This was well beyond the 90-day statutory filing period. The filing of the prior complaint did not toll the statutory filing period. Plaintiff's complaint is therefore time-barred and should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant's motion to dismiss be **GRANTED** and this case be **TERMINATED** on the Court's docket.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal in forma pauperis. Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 10/23/12

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SHEILA N. ANDREWS,
    Plaintiff

v.

AK STEEL CORPORATION,
    Defendant

Case No. 1:12-cv-175
Spiegel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br><br>Sheila N Andrews<br>11611 Pulte St.<br>Cinti, OH 45225 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 9418 |

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540